IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KANYA BELL,

    Petitioner,                               No. S:06:cv-2185 MDS

   vs.                                       ORDER

J.WALKER, Warden,[1]

    Respondent

_____/

      Kanya Bell (Petitioner) is proceeding *pro se* with an application for a writ of habeas corpus under 28 U.S.C. § 2254.  Pending before the court are Petitioner's "First Amended Petition," filed on April 24, 2007 (Doc. 7); Warden James Walker's (Respondent's) "Answer to Petition for Writ of Habeas Corpus," filed on December 19, 2007 (Doc. 12).  For the reasons discussed below, Petitioner's application for a writ of habeas corpus pursuant to § 2254 is denied.

---

    [1] James Walker is substituted for his predecessor, A. Malfi, as the warden where the prisoner is incarcerated, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

# I

## A

Petitioner was found guilty by a jury in the Sacramento County Superior Court of murder of the second degree (Pen. Code §§ 187, sub. (a), 189)) and possession of a firearm by a convicted felon (Pen. Code § 12021 sub. (a)(1)). The jury also found true the allegation that the petitioner personally discharged a firearm (Pen. Code § 12022.53, sub. (d)). Petitioner was sentenced to a total state prison term of 40 years to life (15 years to life for second degree murder, a consecutive sentence of 25 years to life for the personal use of a gun enhancement, and concurrent sentence of three years for being an ex-felon in possession of a firearm).

## B

Petitioner timely filed a direct appeal from the state trial court's judgment in the California Court of Appeal for the Third District. After briefing by the parties, the California Court of Appeal affirmed the state trial court's judgment on February 17, 2006 in an unpublished opinion.

## C

Petitioner timely filed a petition for review of the California Court of Appeal's decision in the California Supreme Court. On April 26, 2006, the California Supreme Court denied the Petition for Review.

## D

Petitioner timely filed a petition for a writ of habeas corpus before this court on October 3, 2006. On April 2, 2007, District Judge Kimberly Mueller ordered that the Petitioner's application for write of habeas corpus dismissed because Petitioner had not signed the application, in violation of Rule 11 of the Federal Rules of Civil Procedure. Petitioner timely filed an amended petition for writ of habeas corpus before this court on April 24, 2007. On December 19, 2007, Respondent filed its Answer to the Petition. In its answer, Respondent admits that Petitioner has properly exhausted his claims for relief that are raised in the petition.

## II

The California Court of Appeal summarized the facts presented in the state trial court as follows in its unpublished decision in which it affirmed the judgment.

> In the early morning hours of June 15, 2004, defendant Kanya Bell shot and killed Carl Johnson. Defendant encountered the victim upon leaving Mary Seaton's home in the company of Stacy Moore. Waving a $20 bill, the victim, a friend of Stacey, was anxious to purchase a "dub," or $20 worth of cocaine. Defendant told the victim that he had some. Stacey tried to warn the victim not to give defendant the money because she knew he did not have any drugs. The victim demanded his money back. Stacey watched defendant shoot her friend. Mary would not allow anyone to call the police because she thought it would jeopardize her attempt to regain custody of some of her children. Stacy and Valerie Robinson, who had been at Mary's house with Stacey, got into Valerie's car and drove away.
> A couple driving by saw the victim stagger and fall. They called 911 and rendered assistance. Johnson died of a gunshot wound to the abdomen.

*People v. Bell*, No. C050017, 2006 WL 367346, at *1 (Cal. Ct. App. Feb 17, 2006)(unpublished).

## III

In his application for a writ of habeas corpus, Petitioner claims that the trial judge failed to give, and his attorney failed to request, a limiting instruction after instructing the jury on the law of adoptive admissions (CALJIC No. 2.71.5). Petitioner also argues that the prosecutor improperly appealed to the juror's passions and prejudices and encouraged the jury to find that petitioner had a criminal propensity to commit murder, and that his attorney failed to object to this improper argument.

As Petitioner's application for a writ of habeas corpus was filed after the effective date of the Antiterrorism and Death Penalty Act of 1996 (AEDPA), his application is subject to the procedures and standards provided therein. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Congress has decreed that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the

adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(d)-(e)(1).

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S 362, 412-13 (2000)(O'Connor, J., concurring). A state court's application of clearly established federal law is "unreasonable" within the meaning of AEDPA when it correctly identifies the governing principle but applies it to the facts of the case in an objectively unreasonable manner. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). An unreasonable application may also occur if "the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. Thus, before this court may grant habeas relief under the unreasonable application clause, the state court's application of clearly established federal law must be more than merely "incorrect or erroneous," it must be "'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (quoting *Williams*, 529 U.S. at 409)). When the state's highest court has summarily denied Petitioner's claims, a federal court must look through the state's highest court's decision and presume that it adopted the reasoning of the last state court that issued a reasoned opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 804-806 n.3 (1991).

Here, Petitioner's constitutional claims were presented to the California Court of Appeal. That court disposed of his claims in a reasoned opinion. Because the California Supreme Court summarily denied his petition for review, in reviewing his § 2254(a) application, this Court must determine whether the analysis of his federal constitutional claims by the California Court of Appeals "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d).

A

Petitioner argues that his trial contained a constitutional error under *Doyle v. Ohio,* 426 U.S. 610 (1976), because CALJIC No. 2.71.5 was given without an instruction limiting that instruction to petitioner's pre-arrest silence, violating petitioner's Fifth, Sixth, and Fourteenth Amendment rights. Petitioner also believes he was deprived to his Sixth and Fourteenth amendment rights to the effective assistance counsel because his attorney failed to request such a limiting instruction.

Valerie Robinson testified that after the shooting, she told Petitioner "[y]ou better go. The police is on their way. You need to get away." Petitioner did not respond, he turned around, pulled his hood over his head, and walked away. During his subsequent, post-arrest interview with the police, Petitioner initially waived his *Miranda* rights and denied involvement in the shooting. During the interview, he invoked his right to remain silence. After Petitioner invoked his right to remain silent, however, he kept talking, and again repeatedly denied that he shot the victim.

The trial court instructed the jury with CALJIC No. 2.71.5:

> [I]f you should find from the evidence that there was an occasion when the defendant, number one, under conditions which reasonably afforded him an opportunity to reply; [PP} Number two, failed to make a denial or made false, evasive, or contradictory statements, in the face of an accusation, expressed directly to him or in his presence

charging him with a crime for which the defendant is now on trial or tending to connect him . . . with its commission; [PP] and, number three, that he heard the accusation and understood [its] nature, then the circumstance of his silence and conduct on that occasion may be considered against him as indicating an admission that the accusation was true.

Petitioner argues that because there was evidence that could infer both a pre-arrest and a post-arrest silence, the jury should have been informed that this instruction could only be applied to his pre-arrest silence.

Under *Doyle v. Ohio*, 426 U.S. 610, a criminal defendant cannot be impeached by his silence after invoking his right to remain silent under *Miranda*. A *Doyle* violation occurs when the prosecution makes 1) "use" of a defendant's post-arrest silence for impeachment purposes and 2) the trial court permits that use. *Greer v. Miller*, 483 U.S. 756, 761-764 (1987). Thus, in order for petitioner to show any constitutional violation, he must show that the prosecution utilized the defendant's post-arrest silence. A *Doyle* violation occurs when "[t]he prosecutor . . . refer[s] to a defendant's post-arrest, post- *Miranda* invocation of his right to counsel." *Wainwright v. Greenfield*, 474 U.S. 282, 295, 106 S.Ct. 634, 640 (1986).

In beginning our analysis, it is important to note that we do not grant habeas relief simply because a jury instruction is deficient, it must have "so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (citing *Cupp v. Naughton*, 414 U.S. 141, 147 (1973)).

The California Court of Appeals found that "it is unreasonable to assume the jury would have applied the instruction on adoptive admissions to any postarrest silence since there was no postarrest silence from which to draw an adverse inference, and the prosecutor did not suggest there was." *Bell*, 2006 WL 367346, at *2. After reviewing the record, we agree with this statement. At a certain point in the interrogation, the Petitioner told the detective: "I don't have nothing to say. My lawyer's not here. I don't want to talk no more, man." CT 108. After this statement, however, the Petitioner repeatedly denied involvement in the shooting, saying "I didn't shoot nobody," "I didn't shoot no one," "I ain't never touched a gun," "I didn't see nothing." CT

109-110. Petitioner continued answering questions until the end of the interrogation. CT 109-120. On this record, we see no post-arrest silence to draw an adverse inference from, nor does Petitioner point to anything in the record that demonstrate either a post-arrest silence or a suggestion from the prosecution that a post-arrest silence existed. The California Court of Appeal's denial of the claim for instructional error was not objectively unreasonable, and habeas relief is not warranted on this ground.

B

Petitioner claims that his trial counsel was ineffective for failing to request requesting a limiting instruction to CALJIC No. 2.71.5. To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

As discussed above, Petitioner has failed to demonstrate that any post-arrest silence existed to draw an adverse inference from, nor point to any time during trial where the prosecutor suggested there was. As a result, trial counsel's failure to object on those grounds was not objectively unreasonable or prejudicial. Given the lack of any post-arrest silence to draw an adverse inference from, "appellate counsel's failure to raise [the] issue[] on direct appeal [did] not constitute ineffective assistance" because the issue "would not have provided grounds for reversal" in any event. *See Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001); *see also Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) (noting that "[f]ailure to raise a meritless argument [on appeal] does not constitute ineffective assistance"). Petitioner has not shown that the state court's denial of these claims "was contrary to, or involved an unreasonable application of, clearly established Federal law." *See* 28 U.S.C. § 2254(d)(1). Accordingly, habeas relief is not warranted on this ground.

C

Petitioner also claims that the prosecutor committed prejudicial misconduct during his closing argument to the Jury. Petitioner argues that the prosecutor inappropriately encouraged the jury to find him guilty because he had the "mentality of a killer." The prosecutor's closing argument included the following comments:

> When you look at that video and you look at the defendant's mentality, his temperament, you say to yourself one thing, that man could kill. That man could kill. You look at that video, you say to yourself, you know what, that man has a mentality of a killer. Killers come in all sizes, shapes and colors. But when you look at that video you say to yourself, he did it. Look at all the evidence and you know he did it.

RD 377. Petitioner believes that this statement was an improper appeal to the passion and prejudice of the jury, as well as an improper invitation to the jury to find petitioner guilty because of his bad character and propensity to kill.

Again, petitioner must show that the decision by the California Court of Appeal was either contrary to clearly established federal law or involved an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 405-406. In reviewing petitioner's claim of prosecutorial misconduct, we determine whether there has been a violation of petitioner's due process rights. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). In doing so, we must "determine whether the prosecutor's remarks so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Hall v. Whitley*, 935 F. 2d 164, 164 (9th Cir. 1991) (quotations omitted).

While the comments may have been improperly impassioned, the petitioner has not shown that the comments during closing argument rendered the trial unfair. The jury had before it overwhelming evidence regarding the petitioner's guilt. Two witnesses testified that they saw the petitioner shoot the victim. We agree with the Court of Appeals that "[e]ven if the prosecutor's exuberance exceeded the bounds of reasonable argument, it did not affect the outcome of the trial. As a result, defendant suffered no prejudice." *Bell*, 2006 WL 367346, at *3. The Court of Appeal's rejection of this claim was not an unreasonable application of, or contrary to, clearly established federal law. Accordingly, habeas relief is not warranted on this ground.

D

Finally, petitioner claims that his trial counsel was uneffective in failing to object to prosecutor's misconduct. Under *Strickland*, counsel's performance must be both deficient and prejudicial. *Strickland*, 466 U.S. at 688. We need not determine whether trial counsel's performance was deficient by not objecting to the prosecutor's overly exuberant closing argument, because it is clear that the petitioner was not prejudiced by any failure to do so. Petitioner, in his petition, attacks the overwhelming evidence against him by questioning the credibility of the eyewitnesses. This argument was made at trial, and the jury choose to find the witnesses credible. Because of the evidence of guilt, it cannot be said that had trial counsel objected to the prosecutor's closing statement, the outcome of the trial would have been changed. Petitioner has not shown that the California Court of Appeals's denial of this ineffective assistance of counsel claim "was contrary to, or involved an unreasonable application of, clearly established Federal law." *See* 28 U.S.C. § 2254(d)(1). Accordingly, habeas relief is not warranted on this ground.

**Conclusion**

Petitioner has failed to show that the state court's denial of his federal constitutional claims "was contrary to, or involved an unreasonable application of, clearly established Federal law." *See* 28 U.S.C. § 2254(d)(1).

Accordingly, IT IS HEREBY ORDERED that

1. Petitioner's application for a writ of habeas corpus is DENIED.
2. The Clerk of Court is DIRECTED to enter judgment in favor of Respondent and close the case.

DATED: February 5, 2009

/s/ Milan D. Smith, Jr.
UNITED STATES CIRCUIT JUDGE
Sitting by Designation